Citation Nr: 1132158 
Decision Date: 08/31/11 Archive Date: 09/07/11

DOCKET NO. 07-07 436 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Portland, Oregon


THE ISSUES

1. Entitlement to service connection for disability due to sexually transmitted disease and its residuals.

2. Entitlement to service connection for left ankle disability, to include as secondary to service-connected right ankle and low back disabilities. 


REPRESENTATION

Appellant represented by: Oregon Department of Veterans' Affairs


WITNESS AT HEARING ON APPEAL

Appellant



ATTORNEY FOR THE BOARD

S. Higgs, Counsel


INTRODUCTION

The Veteran served on active duty from January 1995 to August 1997.

This matter comes to the Board of Veterans' Appeals (Board) on appeal from rating decisions dated in August 2005 and December 2007 by the Department of Veterans Affairs (VA) Regional Office (RO) in Portland, Oregon. The August 2005 rating decision denied service connection for left ankle disability. The December 2007 rating decision denied service connection for disability due to sexually transmitted disease and its residuals.

The Veteran provided testimony at a February 2010 hearing before the undersigned Veterans Law Judge. A transcript of the hearing is associated with the claims file.

This case was the subject of a Board decision and remand dated in April 2010.

The Veteran has provided a history of having been terminated from employment in the year 2009 because she was physically unable to stand for long periods as required by her employer. The Veteran is in receipt of service connection for a right ankle disorder. 

Her contention as to an inability to stand resulting in termination from employment has raised the issue of entitlement to a total disability evaluation based on individual unemployability due to service connected disabilities (TDIU), which must be adjudicated by the Agency of Original Jurisdiction (AOJ). Therefore, the Board does not have jurisdiction over it, and it is referred to the AOJ for appropriate action. 

Please note this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2010). 38 U.S.C.A. § 7107(a)(2) (West 2002).

The appeal is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC. VA will notify the appellant if further action is required.


REMAND

In April 2010, the Board directed that a VA examiner provide an opinion as to whether the Veteran had a low back or right ankle disorder that had its onset during service, and, if so, that the examiner provide an opinion as to whether the Veteran's left ankle disability was caused or aggravated by the low back or right ankle disability. 

In July 2010 a VA examiner opined that the Veteran had right ankle and low back disability that began during active service, but did not provide an opinion as to whether the Veteran's left ankle disability was caused or aggravated by right ankle disability or low back disability. The examination report was therefore not in compliance with the Board's April 2010 remand and was not adequate for adjudication of the Veteran's claim for service connection for left ankle disability. See 38 C.F.R. § 4.2 (it is incumbent upon the rating board to return an incomplete examination report as inadequate for evaluation purposes); Stegall v. West, 11 Vet. App. 268 (1998) (a remand by the Board confers on the veteran or other claimant, as a matter of law, the right to compliance with the remand orders).

Further, in a June 2011 rating decision the RO granted service connection for right ankle and low back disability, so that a medical opinion as to whether the Veteran's left ankle disability has been aggravated by now-service-connected right ankle or low back disability is essential for the purpose of adjudication of her appeal. See 38 U.S.C.A. § 5103A(d); 38 C.F.R. § 3.310 (disabilities that are proximately due to, or aggravated by, service-connected disability); McLendon v. Nicholson, 20 Vet. App. 79, 83 (2006); Allen v. Brown, 7 Vet. App. 439 (1995) (en banc) (secondary service connection by reason of aggravation).

In a separate July 2010 VA examination report, a VA nurse-practitioner asserted that she could not provide an opinion as to whether the Veteran contracted HPV active service, without resorting to mere speculation. The Board does not find in the report adequate indication that the nurse-practitioner had the requisite expertise to provide an opinion on what appears to be a relatively complex medical matter. 

A VA examination and opinion from a physician with expertise in an appropriate field of medicine is required. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008) ("VA medical examiners and private physicians offering medical opinions in veterans benefits cases are nothing more or less than expert witnesses").

Additionally, the RO/AMC must seek to obtain any additional records of treatment relevant to the Veteran's claims. See 38 U.S.C.A. § 5013A(a)-(c); 38 C.F.R. § 3.159(c)(1)-(3); Bell v. Derwinski, 2 Vet. App. 611 (1992) (holding that relevant VA treatment records are considered to be constructively contained in the claims folder and must be obtained before a final decision is rendered).

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2010). Expedited handling is requested.)

1. Request the Veteran to identify all records of VA and non-VA health care providers who have treated her left ankle or gynecological disabilities that may not have been previously received by VA and associated with her VA claims file. 

After obtaining any appropriate authorizations for release of medical information, the RO/AMC must seek to obtain any records that have not been previously received from each health care provider the Veteran identifies. 

The Veteran must also be advised that with respect to private medical evidence she may alternatively obtain the records on her own and submit them to the RO/AMC.
 
2. After waiting an appropriate time period for the Veteran to respond and receiving all available relevant identified records of treatment, schedule the Veteran for a VA examination by a physician with expertise in the diagnoses and causes of sexually transmitted disease (e.g., OB/GYN, infectious disease or similarly appropriate field of medicine. 

The purpose of the examination is to determine whether the Veteran has disability due to sexually transmitted disease that began in active service or residuals of sexually transmitted disease attributable to active service.

The following considerations will govern the examination:

(a) The claims folder, including all relevant medical records, and a copy of this remand, will be reviewed by the examiner. The examiner must acknowledge receipt and review of the claims folder, the medical records obtained, and a copy of this remand.

(b) If deemed appropriate by the examiner, the Veteran must be scheduled for further medical examinations. All indicated tests and studies must be performed, and any indicated consultations must be scheduled.

(c) In providing the requested opinions, the examiner is requested to consider the following service and post-service treatment records:

(i) A January 1995 service treatment record, reflecting that the Veteran was diagnosed with Chlamydia, after what was later determined by VA to have likely been a sexual assault after she passed out at a party;

(ii) A February 1995 service treatment record indicating the Veteran to have anorexia, nausea with dry heaves, a productive cough, rhinitis, body aches, fever, chills, "ST," "HA," and malaise, with a diagnosis or upper respiratory infection.

(iii) January 1997 service treatment records, reflecting that the Veteran was seen for multiple complaints and was diagnosed with a probable urinary tract infection. A gynecological examination was performed. A July 2010 VA examining nurse practitioner interpreted the records as including a negative pap smear in January 1997. 

(iv) In-service examination reports and laboratory tests dated in July 1997 pertaining to the Veteran's genitourinary system. 

(v) A July 1997 Report of Medical History, showing that the Veteran denied having any venereal disease. A history of UTI and Chlamydia was noted.

(vi) An August 2006 VA treatment record, showing that in October 2005, the Veteran underwent a LEEP for a history of "CIN III/CIS"; 

(vii) A July 2010 report of a VA compensation gynecological examination conducted by a VA nurse-practitioner.

(d) The examiner must provide an opinion as to whether the Veteran has any current residuals of in-service Chlamydia.

(e) The examiner must provide an opinion as to whether the Veteran contracted the HPV virus during active service.

(f) The examiner must provide an opinion as to whether the Veteran's post-service CIN III began during service or is related to any incident of service.

(g) The examiner must provide an opinion as to whether the Veteran has any current residuals of in-service urinary tract infection.

(h) The examiner must provide an opinion as to whether the Veteran has current disability due to sexually transmitted disease or other genitourinary disease that was contracted in active service. 

(i) In all conclusions, the examiner must identify and explain the medical basis or bases, with identification of the evidence of record. 

(j) The examiner is requested to provide a fully reasoned explanation for his or her opinions, based on his or her clinical experience, medical expertise, and established medical principles.

(k) If an examiner finds that he or she cannot provide a requested opinion without resort to pure speculation, he or she must so state, with a fully reasoned explanation. Examples of types of reasons are the lack of appropriate expertise on the part of the clinician, the Veteran being an unreliable historian, the matter being beyond the current state of learning and knowledge in the relevant field of medicine, or a lack of an adequate factual basis in the record upon which to form an opinion.

4. Once all available medical records have been received, arrange for a VA examination with an appropriate clinician to determine whether the Veteran's left ankle disability began during active service, was manifested as arthritis within one year after discharge from active service, or is caused or aggravated by service-connected right ankle or low back disability. 

The following considerations will govern the examination:
 
(a) The claims file and a copy of this remand will be made available to the examiner, who will acknowledge receipt and review of these materials in any report generated as a result of this remand.

(b) If deemed appropriate by the examiner, the Veteran must be scheduled for further examinations. All indicated tests and studies must be performed. 

(c) The examiner must provide an opinion as to whether the Veteran's left ankle disability began during active service or is related to any incident of active service.

(d) The examiner must provide an opinion as to whether the Veteran had arthritis of the left ankle within one year after discharge from active service.

(e) The examiner must provide an opinion as to whether the Veteran's left ankle disability is caused or aggravated (a chronic worsening of the underlying condition) by service-connected low back or right ankle disability. 
 
(f) The examiner is requested to provide a fully reasoned explanation for his or her opinions, based on his or her clinical experience, medical expertise, and established medical principles. 

(g) In all conclusions, the examiner must identify and explain the medical basis or bases, with identification of the evidence of record. 

5. Readjudicate the issues on appeal. If any benefit sought remains denied, provide the Veteran and her representative a supplemental statement of the case and an appropriate period of time for response.

Thereafter, subject to current appellate procedure, the case must be returned to the Board for further consideration, if otherwise in order. No action is required of the Veteran until she is otherwise notified by the RO/AMC. By this action, the Board intimates no opinion, legal or factual, as to any ultimate disposition warranted in this case.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This matter must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2010).
 

_________________________________________________
Vito A. Clementi
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2010).